IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL FRASIER, #41339-037 | : | |
| Petitioner | : | |
| v. | : | CIVIL ACTION NO. L-10-2391 |
| STATE OF MARYLAND | : | |
| Respondent | : | |

MEMORANDUM

On August 30, 2010, Michael Frasier ("Frasier"), presently serving a federal sentence at FCI-Fairton, New Jersey, filed this 28 U.S.C. § 2254 Petition for habeas corpus relief, dated August 26, 2010, attacking his drug convictions from 2000 in the Circuit Court for Baltimore City. Respondent has filed an Answer to the Petition, arguing that the application should be dismissed because Frasier is no longer "in custody" under the convictions.[1] ECF No. 3. Frasier sought addition time, to and including January 12, 2011, to reply to the Answer (ECF No. 4), but has filed nothing further. For reasons to follow, the Petition shall be denied and dismissed.

On August 21, 2000, Frasier pled guilty to possession of heroin with the intent to distribute and conspiracy to distribute heroin in the Circuit Court for Baltimore City, in Case No. 100055036. ECF No. 3, Exhibit 1. He was sentenced to serve five years incarceration concurrently on each conviction, all suspended but for time served, and three years probation. Id. That same day he also pled guilty in Circuit Court to possession of cocaine in Case No. 200209050 and was sentenced to four years incarceration, concurrent to the sentence imposed in

---

[1] Frasier concurs that he is no longer "in custody" under the convictions, and further notes the instant matter may be time-barred. ECF No. 1 at 6-9. Implicit in his arguments is the contention that the instant petition should be adjudicated on the merits because the "illegal state sentence" has been used to enhance the federal sentence he is currently serving.

Case No. 100055036, all suspended but for time served, with three years probation. Id., Exhibit 2. Violation of probation proceedings later initiated in each case were susequently closed by the court. Id., Exhibits 1 and 2.

At the time Frasier filed the instant petition, all sentences imposed by the Circuit Court for Baltimore City, with regard to these drug convictions, had been completed. Thus, this Court lacks subject-matter jurisdiction over the Petition. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. See Cafafas v. La Vallee, 391 U.S. 234, 238 (1968). This custody requirement is not met when the inmate challenges an expired sentence. See Maleng v. Cook, 490 U.S. 488, 491 (1989). According to the record, the probationary period was closed on August 5, 2003 in Case No. 200209050 amd September 9, 2003 in Case No. 100055036. ECF No. 3, Exhibit 1 at 5 and Exhibit 2 at 7. Consequently, at the time he filed this matter, Frasier was not in custody for purposes of challenging his 2000 convictions under § 2254(a). See Resendiz v. Kovensky, 416 F.3d 952, 957-58 (9th Cir.), 126 S.Ct. 757 (2005); Broomes v. Ashcroft, 358 F.3d 1251, 1254 (10th Cir.), 543 U.S. 1034 (2004) (petitioner's federal custody on immigration removal proceedings does not satisfy "in custody" requirement of § 2254 where sentence to challenged state court conviction had expired).

For the aforementioned reasons, this § 2254 petition is hereby denied and dismissed with prejudice and a Certificate of Appealability shall not issue. A separate Order follows.

January 20, 2011                    /s/

                                                                                  _____
                                                                                  Benson Everett Legg
                                                                                   United States District Judge